Opinion filed January 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00303-CR

                                                    __________

 

                           JESSIE
LEONARD MCCORD, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR19860

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Jessie Leonard McCord, upon his plea of guilty, of murder.  The
jury found that appellant did not act under the immediate influence of sudden
passion and assessed his punishment at confinement for life and a $10,000 fine. 
We affirm.

            In
his sole issue on appeal, appellant argues that the trial court abused its discretion
by admitting postmortem pictures of the victim.  Specifically, appellant
contends that prejudicial value of State’s Exhibit Nos. 6 and 7 – pictures of
the victim’s body when she was discovered in the landfill – out weighted any
probative value under Tex. R. Evid.
403.

            Appellant
testified that he and the victim had been married and divorced.  After the
divorce, they lived together off and on.  Appellant testified that the victim
was laughing when she told him that she had been sleeping with another man.  There
was a knife on the entertainment center, and appellant thought the victim was
going to grab it.  He grabbed the knife first and stabbed her two or three
times before he realized what he had done.  He wrapped her body in a blanket,
drove to the elementary school, and put her body in the dumpster. 

            Brown
County Sheriff’s Department Investigator Scott Bird testified that the victim’s
body was discovered in the landfill.  The body was at the bottom of the pit in
front of a bulldozer.  It appeared that the bulldozer had run over the body.  The
legs were tangled with each other, the entrails were outside of the body, and
the face was “ripped off the skull.”  

            The
autopsy revealed that the cause of death was a stab wound above the victim’s
right collarbone.  State’s Exhibit Nos. 6 and 7 depicted the fatal stab wound
to the victim’s right collarbone as her body appeared in the landfill.

            The
trial court found that the probative value out weighed the prejudicial value
and admitted State’s Exhibit Nos. 6 and 7.  The Court of Criminal Appeals
recently addressed the appellate review of the admission of graphic photographs
pursuant to Rule 403 in Wilkins v. State, No. AP-75878, 2010 WL 4117677 (Tex. Crim. App. Oct. 20, 2010).  Citing Erazo
v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004), and Montgomery v.
State, 810 S.W2d 372, 391 (Tex. Crim. App. 1991), the Wilkins court
stated:

A Rule 403 analysis includes, but is not limited to, the
following factors:  (1) the probative value of the evidence; (2) the potential
to impress the jury in some irrational, yet indelible, way; (3) the time needed
to develop the evidence; and (4) the proponent’s need for the evidence.  In the context of photographs, we also consider
factors including “the number of photographs, the size,
whether they are in color or are black and white, whether they are gruesome,
whether any bodies are clothed or naked, and whether the body has been altered
by autopsy.”  The trial court's
decision to admit or exclude such evidence is reviewed under
an abuse of discretion standard (footnotes omitted).

 

Wilkins,
2010 WL 4117677, at *4.

            In conducting its balancing analysis under Rule 403
and Montgomery, the trial court determined that, while both exhibits
were gruesome, each had probative value in depicting the fatal stab wound.  The
trial court redacted the upper portion of State’s Exhibit No. 7 admitting only
the lower portion.  The record reflects that the trial court did not abuse its
discretion.  The sole issue is overruled.

            The judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January
6, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.